## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BASF CORPORATION, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Plaintiff, | |
| v. | |
| COUNTY LINE BUICK-NISSAN, INC., | CIVIL ACTION NO. 3:23-cv-00540 |
| Defendant. | |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant County Line Buick-Nissan, Inc. ("Defendant") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a corporation organized and existing under the laws of the State of Connecticut, with a principal business address of 2191 Straits Turnpike, Middlebury, Connecticut 06762 on file with the State of Connecticut.

3. Defendant's registered agent on file with the State of Connecticut is Daniel J. Mahaney, with a service address of 1 Exchange Plaza, 6th Floor, Waterbury, Connecticut 06762.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively,

"Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5.  At times relevant to the Complaint, Defendant was an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

**JURISDICTION AND VENUE**

6.  The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey, and Defendant is a citizen of the State of Connecticut. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Connecticut.

7.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

8.  Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

**GENERAL ALLEGATIONS**

*The Terms of the Requirements Agreement*

9.  On or about December 1, 2016, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

10. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $831,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing ("Minimum Purchases").

11. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $60,000.00 ("Contract Fulfillment Consideration") in consideration of Defendant satisfying its obligations under the Requirements Agreement.

12. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant fulfilling its Minimum Purchases requirement, Defendant was required to refund 100% of the $60,000.00 Contract Fulfillment Consideration to BASF.

### *Defendant's Breach of the Requirements Agreement*

13. In or about January 2023, Defendant, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, closing its business operations and ceasing to purchase Refinish Products from BASF prior to fulfilling its $831,000.00 Minimum Purchases requirement and failing to refund the Contract Fulfillment Consideration to BASF.

14. At the time of Defendant's breach and termination of the Requirements Agreement, Defendant had purchased only approximately $491,835.00 in BASF Refinish Products, leaving a purchase balance due and owing of $339,165.00.

15. Defendant's breach and termination of the Requirements Agreement prior to fulfilling its Minimum Purchases requirement triggered an obligation to refund the $60,000.00 Contract Fulfillment Consideration to BASF.

16. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

17. By letter dated March 15, 2023, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18. Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

## COUNT I

### Breach of Contract

19. BASF incorporates by reference the allegations contained in the above paragraphs.

20. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $831,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing.

21. Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

22. A purchase balance of at least $339,165.00 remains outstanding under the terms of the Requirements Agreement.

23. Because of Defendant's breach without legal excuse, and pursuant to Paragraph 3 of the Requirements Agreement, Defendant is obligated to refund the $60,000.00 Contract Fulfillment Consideration to BASF.

24. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

   a. $60,000.00 for the Contract Fulfillment Consideration; and

   b. $339,165.00 for the remaining balance of the Minimum Purchases requirement.

25. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

26. As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $399,165.00.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial but not less than $399,165.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II

### Unjust Enrichment

27. BASF incorporates by reference the allegations contained in the above paragraphs.

28. Through BASF's business relationship with Defendant, Defendant received the benefit of the $60,000.00 Contract Fulfillment Consideration provided by BASF in anticipation of the parties' continued business relationship.

29. Defendant prematurely terminated the parties' business relationship, but Defendant has failed to return the $60,000.00 Contract Fulfillment Consideration to BASF.

30. BASF expected remuneration in the sum of $60,000.00 for the Contract Fulfillment Consideration. Defendant's failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Defendant.

31. Permitting Defendant to retain the benefits of the $60,000.00 Contract Fulfillment Consideration when Defendant prematurely terminated its business relationship with BASF would be unequitable and unjust to BASF.

32. By reason of the foregoing, Defendant has been unjustly enriched by $60,000.00 for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant awarding an amount to be determined at trial but not less than $60,000.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III

### Declaratory Relief

33. BASF incorporates by reference the allegations contained in the above paragraphs.

34. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

35. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

36. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

37. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $399,165.00, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

      d.      Awarding BASF such other and further relief as this Court deems just and proper.

Dated: April 28, 2023

                                  Respectfully submitted,

                    By:   */s/ Ryan D. Hersh*
                            Ryan D. Hersh CT31428
                            rhersh@leaderberkon.com
                            Leader Berkon Colao & Silverstein LLP
                            630 Third Avenue, 17th Floor
                            New York, New York 10017
                            Telephone: (212) 486-2400
                            Fax: (212) 486-3099

                            *Attorneys for Plaintiff*
                            *BASF Corporation*